| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>SOUTHERN DISTRICT OF NEW YORK | **FOR PUBLICATION** |

------------------------------------------------------- x

*In re:*

                                                     :

Susan Ruffalo,                              :    Chapter 13

                                                     :    Case No. 23-22041

                                                     :

                           *Debtor*

------------------------------------------------------- x

## MEMORANDUM DECISION DENYING A REQUEST TO REOPEN A BANKRUPTCY CASE

**A P P E A R A N C E S :**

*Debtor, Pro Se*
Susan Ruffalo

*Chapter 13 Standing Trustee*
Thomas C. Frost
399 Knollwood Road
White Plains, NY 10603
    By: Rebecca Richards

**CECELIA G. MORRIS**
**UNITED STATES BANKRUPTCY JUDGE**

Pending before the Court is a request to consider a letter filed by Susan Ruffalo ("Debtor") seeking to reopen her bankruptcy case, reinstate the automatic stay, and that the filing fee be waived or paid in installments. For the reasons set forth below, the Court denies Debtor's requests.

**Jurisdiction**

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 157, 28 U.S.C. §1334, and the Amended Standing Order of Reference signed by Chief Judge Loretta A. Preska dated January 31, 2012. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A).

**BACKGROUND**

Debtor filed a letter with this Court on July 2, 2023 requesting to reopen Debtor's bankruptcy case, reinstate the automatic stay, and that the filing fee be waived or paid in installments.  Request to Reopen Case 1, ECF No. 56.  In the letter, Debtor alleges that she has "been deprived of property and liberty" which are "guaranteed by the First Amendment of the Constitution."  *Id.*  Debtor further alleges that Bridge Stone Realty does not have a valid title to Debtor's property and that Bridge Stone Realty stole Debtor's home "off the internet from a real estate broker."  *Id.*  Debtor also accuses several parties of violating the Racketeer Influenced and Corrupt Organizations ("RICO") Act as well as criminal trespass.  *Id.*  Debtor's chapter 13 case was previously dismissed on May 24, 2023 for failing to pay the filing fee.  Order, ECF No. 50.

On July 18, 2023, the chapter 13 Trustee filed opposition to Debtor's request to reopen Debtor's bankruptcy case.  Opposition to Debtor's Request to Reopen, ECF No. 63.  The Trustee argues that as Debtor's case was previously dismissed, any request to reopen under § 350(b) is inapplicable.  *Id.* ¶ 14, ECF No. 63.  The Trustee also argues that Debtor has failed to show cause for the purposes of reopening Debtor's bankruptcy case under § 350(b).  *Id.* ¶ 16, ECF No. 63.

The Debtor filed a reply on July 24, 2023 stating that all of the Trustee's motion is "untrue, misleading, and odious."  Resp. 1, ECF No. 65.  Debtor reiterates that crimes were committed against her and demands the Trustee initiate lawsuits to recover the property that was "stolen" from her.  *Id.* 3–4.  Debtor also insinuates that the attorney appearing for the chapter 13 Trustee does not have the authority to appear: "I note too there is nobody according to the NY State Bar, named Rebecca Richards working for the Chapter 13 trustee."  *Id.* 3.  Debtor insists that she has met the burden to reopen the case.  *Id.* 4.  Debtor reports that she has filed a complaint with the Dutchess County DA's office against Judge Morris and asks that the case be reassigned to someone else and another chapter 13 trustee appointed.  *Id.* 5.  Debtor also states

that she is unable to appear the morning of the hearing, July 27, 2023 and requests it be held at 3:00 PM. Under her signature, Debtor writes "CC: DCDAO Public Corruption Squad." *Id.* 5.

## DISCUSSION

I. 11 U.S.C. § 350(b) is inapplicable to any relief sought by Debtor as Debtor's case was previously dismissed.

Section 350(b) of the Bankruptcy Code provides, in relevant part, that a case may be reopened in the court where the case was closed to administer assets, grant relief to the debtor, or for other cause. 11 U.S.C. § 350(b). Further, a case can only be reopened if it was fully administered and closed under § 350(a). *In re Rosillo*, 2007 Bankr. LEXIS 2620, *5 (Bankr. S.D.N.Y. July 31, 2007). The dismissal of a bankruptcy case achieves a very different result from the closure of a case, so the two cannot be conflated. *In re Income Property Builders, Inc.*, 699 F.2d 963, 965 (9th Cir. 1982) (holding that an order dismissing a bankruptcy case was not the same as an order closing a bankruptcy case for the purposes of § 350(b)).

Debtor's case was dismissed on May 24, 2023 for failing to pay the filing fee. (Order, ECF No. 50). The dismissal of Debtor's case on May 24, 2023 makes any relief sought under § 350(b) inapplicable as an order dismissing a bankruptcy case does not achieve the same result as an order closing a case.

II. Debtor has failed to show cause under 11 U.S.C. § 350(b).

Courts have ample discretion in determining what qualifies as cause for the purposes of § 350(b). *In re Rosillo* at *7. Moreover, the movant bears the responsibility for demonstrating cause to reopen a case. *In re Ramsoomair*, 2022 Bankr. LEXIS 686, *11 (Bankr. S.D.N.Y. March 18, 2022). Factors that courts consider to demonstrate cause include: 1) the length of time the case was closed; 2) if a non-bankruptcy forum has jurisdiction to determine the issue that is

the basis for reopening the case; 3) if prior litigation within the bankruptcy court determined that state court would be a better forum; 4) if any parties would suffer prejudice if the court were to grant or deny the motion to reopen; 5) the benefit to the debtor by reopening, and 6) if it is clear from the outset that the debtor would not be entitled to relief from reopening the case. *In re Wiggins*, 2013 Bankr. LEXIS 3587, *3-4 (Bankr. S.D.N.Y. August 29, 2013) (citing *In re Wilson*, 492 B.R. 691, 695 (Bankr. S.D.N.Y. 2013)). Moreover, a court will not reopen a case where there is no possibility of relief for the debtor. *In re Ramsoomair* at *12.

Of the factors that courts look to when considering if a party has established cause for the purposes of § 350(b), the most germane is whether a non-bankruptcy forum has jurisdiction to determine the issues that are the basis of reopening the case. Bankruptcy courts have discretion to refuse to hear matters that are ancillary to the core function of adjudicating the debtor's estate. *Elias v. United States* (*In re Elias*), 188 F.3d 1160, 1162 (9th Cir. 1999) (holding that as the state court was "fully capable" of resolving a fee dispute, the bankruptcy court did not abuse its discretion in refusing to decide the issue). Though, where a request to reopen a case falls within the exclusive jurisdiction of the bankruptcy courts, reopening is appropriate. *In re Atari, Inc.*, 2016 Bankr. LEXIS 1779, *23-24 (Bankr. S.D.N.Y. April 20, 2016) (holding that the bankruptcy court was the most appropriate forum as the issue at hand revolved around releases that were essential to the original chapter 11 plan and confirmation).

Here, none of the accusations made by Debtor in the July 2, 2023 letter are connected to the core function of adjudicating Debtor's estate. (Request to Reopen Case 1, ECF No. 56). The accusations made by Debtor are neither related to bankruptcy, nor are they related to Debtor's original chapter 13 plan. *Id.* Given that Debtor accused several parties of violating the RICO Act as well as criminal trespass, there are other non-bankruptcy courts that may be better suited

to adjudicate those issues.  There is no possibility of relief for Debtor.  Section 350(b) is only applicable to cases that were fully administered and closed under § 350(a).  Given that Debtor's case was previously dismissed, no relief is available under § 350(b).

III.    Reopening Debtor's case will not reinstate the automatic stay under 11 U.S.C. § 362(a).

Even if a bankruptcy case is reopened under § 350(b), a "[d]ebtor would not be afforded the protection of the automatic stay." *In re Rosillo*, 2007 Bankr. LEXIS 2620, *8 (Bankr. S.D.N.Y. July 31, 2007).  The automatic stay is effective only upon the filing of a bankruptcy petition. *Burke v. United States* (*In re Burke*), 198 B.R. 412, 416 (Bankr. S.D.Ga. 1996).  Reopening a case does not reinstate the automatic stay for the purposes of § 362(a).  *Id.*

Even if this Court reopened Debtor's case pursuant to § 350(b), doing so would not reinstate the automatic stay.  Only the filing of a bankruptcy petition effectuates the automatic stay under § 362(a).  Given that Debtor is seeking to reopen her bankruptcy case under § 350(b), it would be impossible to reinstate the automatic stay under § 362(a).

## Conclusion

The Court will deny Debtor's request to reopen her bankruptcy case and to waive the filing fee or pay in installments under § 350(b).  The Court will deny Debtor's request to reinstate the automatic stay under § 362(a).

**Dated: July 27, 2023**
**Poughkeepsie, New York**

/s/ Cecelia G. Morris
_____
**Hon. Cecelia G. Morris**
**U.S. Bankruptcy Judge**